UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:07-CV-92-R

NICK'S HOLDINGS, LLC, et. al.,
PLAINTIFFS

v.

SEAY OIL COMPANY, LLC                                                    DEFENDANT

## OPINION & ORDER

This matter comes before the Court on the Plaintiffs' Motion for a Preliminary Injunction (Docket #1, Exhibit D). The Defendant, Seay Oil Company, LLC ("Seay Oil") has responded to that motion (Docket #6). This matter is now ripe for adjudication. For the following reasons, the Plaintiffs' Motion for a Preliminary Injunction is **DENIED**.

## BACKGROUND

Ms. Kim Y. Stopay, through Nick's Holding, LLC, the Plaintiffs in this matter, owns and operates the Moon River Marina and Resort in Cadiz, Kentucky, which among other things provides boat fuel to paying customers. On September 15, 2006, the Plaintiffs and the Defendant entered into a fuel supply contract ("contract"), in which the Defendant agreed to install a gas dispenser on the fuel station, a fuel canopy, new canopy lighting, and provide a new fuel control console. In return, the Plaintiffs agreed to purchase gas exclusively from the Defendant, with the Defendant agreeing to provide fuel for "10 years of continuous fuel operations or until the equivalent total of the 25,000 gallons per contract month has been pumped." In March 2007, the Plaintiffs allege that Defendant unilaterally withdrew from the contract by stopping service. The Plaintiffs further claim that as a result of the breach, it has been without fuel since May 2007, and therefore, it has incurred a loss of profits and damages to

its business.  In addition, the Plaintiffs allege that the Defendant did not properly install the equipment as stated in the contract.  In response, the Defendant claims that the Plaintiffs breached the contract by suspending service to its pumps during the months of November 2006 thru February 2007.  At this time, the Plaintiffs seek a preliminary injunction requesting that the Court order the Defendant to continue to provide fuel to its pumps.

## DISCUSSION

In determining whether to issue a preliminary injunction, the Court must consider: "(1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction." *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347-48 (6th Cir. 1998).  Courts must balance these four (4) factors with other traditional "equity" factors. *Weaver v. University of Cincinnati*, 942 F.2d 1039, 1045 (6th Cir. 1991).  "'The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits.'" *Id.* at 348 (*citing Stenberg v. Checker Oil Co.*, 573 F.2d 921, 925 (6th Cir.1978)).  The burden is on the party seeking the injunction to prove they will suffer irreparable harm if an injunction is not granted. *Abney v. Amgen, Inc.*, 443 F.3d 540, 551-52 (6th Cir. 2006).

In the instant matter, the Plaintiffs have filed a one (1) paragraph motion seeking a preliminary injunction, but have not put forth any sufficient arguments or evidence that suggest they will suffer an irreparable harm if an injunction is not granted.  In fact, the Plaintiffs have not

even addressed the four (4) factors taken into consideration by the Court when determining whether to grant a preliminary injunction. The Plaintiffs merely contend "that there is no adequate remedy at law because monetary damages alone are insufficient to cover their damages." However, the Plaintiffs have provided no affidavits or other facts that show they attempted without success to obtain gasoline from another source or that they could not find a party to make the proper installations. Accordingly, the Court finds that the Plaintiffs have not met their burden in this matter, and therefore, granting a preliminary injunction at this time would be inappropriate.

## CONCLUSION

**IT IS SO ORDERED:**

For the foregoing reasons, the Plaintiffs' Motion for a Preliminary Injunction (Docket #1, Exhibit D) is **DENIED**.